# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JADA FERGUSON, | : | |
| | : | |
| Plaintiff | : | No. |
| | : | |
| vs. | : | Judge |
| | : | |
| CLINTON COUNTY JAIL; CHANCE DAVY; JOHN ROWLEY, | : | Jury Trial Demanded |
| | : | |
| Defendants | : | |

## COMPLAINT

1. Plaintiff Jada Ferguson is an adult individual who currently resides at 747 West Fourth Street, Williamsport, PA 17701.

2. Defendant Clinton County Jail is a governmental entity located at 58 Pine Mountain Road, McElhattan, PA 17748.

3. Defendant Chance Davy is an adult individual who was a Correctional Officer at Defendant Clinton County Jail at all times relevant to this Complaint.

4. Defendant John Rowley is an adult individual who, at all times relevant to this Complaint, was employed as Warden at the Clinton County Jail.

5. This is an action at law to redress the deprivation under color of statute, custom or usage, of a right, privilege, and immunity secured to the Plaintiff by the Eighth Amendment to the Constitution of the United States, 42 U.S.C. §1983.

6. This Court has jurisdiction over the claims asserted in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1343.

7. Venue lies in the Federal District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391(b).

8. Plaintiff Jada Ferguson was an inmate at Defendant Clinton County Jail from October 2015 through April 2016.

9. During her incarceration at Defendant Clinton County Jail, Plaintiff experienced repeated sexual harassment, assault, and battery by Defendant Davy.

10. While incarcerated, Plaintiff performed work in cleaning the Administrative wing of the jail and was supervised by correctional officers, including Defendant Davy, while doing so.

11. Defendant Davy's conduct included, but is not limited to:

   a. sexual harassment regarding her occupation as an exotic dancer, despite Plaintiff telling him that she was uncomfortable with it;

   b. on or about November 26, 2015, while supervising Plaintiff as she cleaned a bathroom, Defendant Davy shut the bathroom door, took his penis out, and forced her to perform oral sex on him;

   c. about a week following the above incident, Defendant Davy was supervising Plaintiff while she was cleaning, followed her in the bathroom, stood behind her when she bent over to pick up trash, and when she stood he unbuttoned and put his hands down her jumpsuit, digitally penetrating her.

12. Plaintiff did not consent to Defendant's sexual conduct.

13. Plaintiff reported Defendant Davy's actions to the jail.

14. In response, Plaintiff was placed in segregation, denied multiple requests to speak with a counselor, and transported to Centre County Jail.

15. Upon information and belief, Defendant Davy received no punishment from the Clinton County Jail for his actions.

16. Upon information and belief, Defendant Davy has engaged in sexual conduct with/sexually assaulted at least one other inmate at Clinton County Jail.

### COUNT I
### JADA FERGUSON v. CHANCE DAVY
### 42 U.S.C. §1983, EIGHTH AMENDMENT: CRUEL AND UNUSUAL PUNISHMENT

17. Paragraphs 1 through 16 are herein incorporated by reference as though set forth in full.

18. Defendant Davy's actions constituted excessive force in subjecting Plaintiff Jada Ferguson to cruel and unusual punishment by way of the sexual harassment and assaults.

19. Defendant failed to take reasonable measures to guarantee the safety of Plaintiff Jada Ferguson.

20. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered damages, including, but not limited to, physical injury and mental anguish.

WHEREFORE, Plaintiff Jada Ferguson respectfully requests this Honorable Court to enter judgment in her favor and against Defendant together with compensatory damages, punitive damages, as well as reasonable attorney fees and costs, and any such other relief as the Court deems just and appropriate.

### COUNT II
### JADA FERGUSON v. CLINTON COUNTY JAIL, JOHN ROWLEY
### 42 U.S.C. §1983: MONELL CLAIM

21. Paragraphs 1 through 21 are incorporated herein by reference as though set forth in full.

22. Defendants Clinton County Jail and/or Warden John Rawley are

policymakers for the jail and hold final and unreviewable policymaking authority.

23. Defendants failed to adequately train correctional officers and/or prison staff on policies regarding sexual relationships, or other inappropriate contact, with inmates.

24. Defendants failed to have or enforce a policy prohibiting correctional officers from supervising opposite sex inmates or requiring at least two correctional officers be present for any interactions with the opposite sex.

25. Defendant Clinton County Jail failed to supervise correctional officers, including Defendant Davy.

26. Defendants created and/or followed a policy, practice, or custom which allowed inappropriate relationships between correctional officers and inmates.

27. Defendants created and/or followed a policy, practice, or custom which permitted male guards to be alone and unmonitored with female prisoners.

28. Defendants failed to properly train and supervise deputies in the enforcement of policy and procedure regarding appropriate interaction between correctional officers and inmates.

29. Defendants failed to enforce and/or comply with the requirements of their own policy and procedure.

30. Defendants failed to adequately investigate claims of sexual harassment and abuse and to adequately discipline correctional officers engaged in inappropriate conduct.

31. Defendants actions as outlined above evidence a deliberate indifference to, or a settled custom of, inappropriate familiarity between inmates and its correctional

officers.

33. Defendants' inadequate policy and procedure, failure to follow the policy and procedure, failure to supervise, and/or failure to train and supervise, attributed to the deliberate indifference that resulted in the harm to Plaintiff Jada Ferguson.

WHEREFORE, Plaintiff Jada Ferguson respectfully requests this Honorable Court to enter judgment in her favor and against Defendants together with compensatory damages, punitive damages, reasonable attorney fees and costs, and any such other relief as the Court deems just and appropriate.

## COUNT III
## PLAINTIFF, JADA FERGUSON V. DEFENDANT, CHANCE DAVY
## ASSAULT-STATE LAW

34. Paragraphs 1 through 33 are incorporated herein by reference as though set forth in full.

35. As more specifically set forth above, Defendant Chance Davy placed Plaintiff Jada Ferguson in reasonable and immediate fear of harmful or offensive contact with her body.

36. At all times relevant to the Complaint, Plaintiff did not consent to Defendant's indecent contact with her, and as an inmate at Clinton County Jail, she was unable to provide lawful consent.

WHEREFORE, Plaintiff Jada Ferguson respectfully requests this Honorable Court to enter judgment in her favor and against Defendants together with compensatory damages, punitive damages, reasonable attorney fees and costs, and any such other relief as the Court deems just and appropriate.

## COUNT IV
## PLAINTIFF, JADA FERGUSON V. DEFENDANT, CHANCE DAVY
## BATTERY-STATE LAW

37. Paragraphs 1 through 36 are incorporated herein by reference as though set forth in full.

38. As more specifically set forth above, Defendant Chance Davy intended, and did in fact, cause harmful or offensive contact with Plaintiff's body.

39. WHEREFORE, Plaintiff Jada Ferguson respectfully requests this Honorable Court to enter judgment in her favor and against Defendants together with compensatory damages, punitive damages, reasonable attorney fees and costs, and any such other relief as the Court deems just and appropriate.

**SCHEMERY ZICOLELLO**

By: /s/Michael J. Zicolello
Michael J. Zicolello
I.D. #65522
Amy R. Boring
I.D. #208461
Attorneys for Plaintiff
333 Market Street
Williamsport, PA 17701
(570) 321-7554

6